IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CHARLES POOLE,                          §
                                        §
                    Plaintiff,          §
                                        §
VS.                                     §    Civil Action No. 3:22-CV-0726-D
                                        §
WALMART, INC., et al.,                  §
                                        §
                    Defendants.         §

MEMORANDUM OPINION
AND ORDER

        In this removed premises liability action, plaintiff Charles Poole ("Poole") moves to

amend the scheduling order and to compel defendant Wal-Mart Stores Texas, LLC

("Walmart") to allow him to inspect the video surveillance room at the Walmart store where

he was injured.  For the following reasons, the court denies Poole's motion to amend the

scheduling order and grants his motion to compel the inspection.

I

        The court need not recount the factual background in detail for purposes of explaining

its decisions on the instant motions.  The pertinent facts are as follows.

        Poole filed the instant suit in a county court at law seeking compensation for injuries

he alleges he suffered when he slipped and fell after stepping in water leaking from an ice

machine located at the front of a Walmart store.

        After Walmart removed the suit to this court based on diversity of citizenship, the

court on May 9, 2022 entered a scheduling order that set May 22, 2023 as the discovery

deadline. The same order set March 21, 2023 as the deadline for making expert witness designations.[1] It appears that the parties conducted relatively extensive discovery.

Poole now moves to amend the scheduling order to defer the discovery deadline from May 22, 2023 to July 21, 2023, and to revive the original expert designation deadline. Poole also moves the court to compel Walmart to permit him to inspect the asset protection office ("APO"): the room inside the Walmart store in question, which houses the security cameras and other surveillance equipment. The court is deciding these motions on the papers, without oral argument.

## II

The court first addresses Poole's motion to amend the scheduling order.

Poole maintains that the scheduling order should be amended to enable him to take additional depositions of several unidentified individuals,[2] as well as to inspect the APO[3] and

---

[1]In the scheduling order, the court adopted the precise dates that the parties proposed in their joint scheduling proposal.

[2]Poole states in his reply brief that he incorporates by reference his brief in support of his motion to extend time to respond to Walmart's motion for summary judgment, which does specifically identify some of the individuals whom he seeks to depose. But nowhere in his motion to amend the scheduling order or in the accompanying brief does he reference the other filing. *See Jacobs v. Tapscott*, 2006 WL 2728827, at *7 (N.D. Tex. Sept. 25, 2006) (Fitzwater, J.) ("[T]he court will not consider an argument raised for the first time in a reply brief."). And more important, the court's decision here does not rely exclusively on Poole's failure to identify the individuals whom he seeks to depose. *See Matamoros v. Cooper Clinic*, 2015 WL 4713201, at *2 n.4 (N.D. Tex. Aug. 7, 2015) (Fitzwater, J.).

[3]Poole discusses his desire to inspect the APO in both his motion to amend the scheduling order and his motion to compel the inspection. For convenience, the court will address this request primarily in the context of Poole's motion to compel.

potentially designate another expert witness.  Walmart responds that Poole has failed to satisfy the good cause standard of Fed. R. Civ. P. 16(b)(4).

A

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).  "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order[,]" who must show that, despite his diligence, he could not reasonably have met the relevant scheduling deadlines.  *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.).

To determine whether the movant has met his burden under Rule 16(b)(4), the court considers four factors: "(1) the party's explanation; (2) the importance of the requested relief; (3) potential prejudice in granting the relief; and (4) the availability of a continuance to cure such prejudice."  *Id.* (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003)).  The court evaluates these factors holistically and "does not mechanically count the number of factors that favor each side."  *EEOC v. Serv. Temps, Inc.*, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

B

1

The court first considers Poole's explanation.  Poole maintains that he has diligently pursued discovery since the commencement of the discovery period and that his failure to comply with the scheduling-order deadlines can be explained by unavoidable delays by him and by Walmart.

Poole contends that Walmart only recently revealed the identity of multiple employees who possess information that is relevant to Poole's claims.  According to Poole, he "learned the identity of the employee that reviewed all the surveillance cameras on the day of [his] fall[,]" for instance, by deposing Walmart's corporate representative in April 2023.  P. Mot. to Amend Scheduling Order (ECF No. 27) at 4.  But Walmart points out in its response that, in November 2022, it shared with Poole a list of all employees who were working the day Poole fell.  Poole's counsel could have met with these employees and still had ample time to discover the identity of any employee with knowledge of relevant facts.  And the fact that the list was lengthy and lacked helpful information (such as the times during which each employee worked that day) does not negate the fact that, with diligence, Poole could have obtained the identities of employees with relevant knowledge.

Poole also contends that reviving the expert deadline is necessary.  This is so, Poole maintains, because information he hopes to gather from third parties—e.g., Reddy Ice and Cintas, who, respectively, serviced the ice machine and furnished the floor mats in front of the ice machine—may reveal the need for additional expert witnesses.  But Poole has failed

- 4 -

to provide a satisfactory explanation for why he was unable to timely designate such an expert when, as he states in his motion, he obtained production from Reddy Ice and Cintas in late 2022. He simply states that he "anticipates that discovery from third party, Reddy Ice, will reveal that the ice machine was not working properly[,]" with no explanation for why this information was not discovered sooner (for instance, when Reddy Ice apparently first responded to Poole's discovery requests in December 2022). *Id.*

The court finds that Poole is unable to explain or justify his failure to act diligently in identifying and deposing the Walmart employees he now seeks to depose. Moreover, Poole has not provided a sufficient explanation for his inability to timely designate an expert witness to testify to issues such as the condition of the ice machine. Accordingly, the first factor weighs against granting the motion to amend the scheduling order.

2

Poole maintains that the requested relief is important because it goes to the heart of his claim and will reveal critical information about the circumstances surrounding his slip and fall.

The court agrees that some of this evidence could meaningfully bolster Poole's claims. But Poole does little to identify the relevant information that each Walmart employee would be able to provide that has not already been produced in other forms. For example, Poole seeks to depose the asset protection associate who reviewed the video surveillance footage of the fall. But Poole fails to establish why this is necessary in light of the fact that Poole himself possesses the surveillance footage. And it is difficult to gauge the importance of

- 5 -

additional expert witness testimony when Poole is himself unsure of what expert testimony will become necessary. He merely "*anticipates*" that additional expert witnesses "*may*" be needed, depending on what additional information he is able to obtain from third parties such as Reddy Ice. *Id.* (emphasis added).

Accordingly, the second factor is neutral: it weighs neither in favor of nor against allowing Poole to depose the additional fact witnesses or allowing Poole to designate additional expert witnesses.

3

Walmart contends for several reasons that it will be materially prejudiced if the court grants the requested relief: because Walmart has already filed its summary judgment motion,[4] it has given Poole a "preview" of its chief arguments, D. Resp. (ECF No. 58) at 7; the court would be permitting Poole to conduct discovery for the sole purpose of curing evidentiary deficiencies identified in the summary judgment motion; and extensions of the deadlines would encroach on Walmart's trial preparation.[5] Walmart also posits that any suggestion that it will not be prejudiced because it also has discovery to conduct is unfounded because it does not intend to pursue further discovery.

Poole maintains that Walmart will not be prejudiced because it can seek leave to amend its motion for summary judgment. He also asserts that summary judgment is only

---

[4]And, notably, Walmart had done so before Poole filed any of the pending motions.

[5]The trial of this case is currently set for a two-week docket beginning on September 5, 2023.

appropriate where there is no genuine issue of material fact, and not where "a party can game timing of discovery to give the appearance of no fact issues."  P. Reply (ECF No. 64) at 8.

In the related context of amending the scheduling order so that a plaintiff can amend his complaint, this court has held that "a court must more carefully scrutinize a party's attempt to raise new theories by amendment when the opposing party has filed a motion for summary judgment." *Harrison v. Wells Fargo Bank, N.A.*, 2015 WL 1649069, at *10 (N.D. Tex. Apr. 14, 2015) (Fitzwater, J.) (internal quotation marks and alterations omitted) (quoting *Wachovia Bank, Nat'l Ass'n v. Schlegel*, 2010 WL 2671316, at *2 (N.D. Tex. June 30, 2010) (Fitzwater, C.J.)).  The potential for Walmart to be prejudiced if Poole is permitted to augment the record after Walmart has moved for summary judgment weighs against a finding of good cause.  Accordingly, this factor weighs against granting Poole's motion.

## 4

The fourth factor the court considers is the extent to which a continuance would alleviate any prejudice to Walmart.

The trial is currently set for the two-week docket of September 5, 2023, which is just over two months from now.  Although the court can continue the trial setting, it appears that the parties have already engaged in trial preparations.  And because settlement negotiations have been unsuccessful and, so far as the court is aware, have ceased altogether following unsuccessful mediation in May 2023, it appears likely that a trial will be necessary and that a continuance would needlessly delay resolving the case.  And no amount of extra time can cure the prejudice that Walmart is primarily concerned about: that granting the requested

relief would permit Poole to use Walmart's summary judgment arguments to guide his discovery efforts. Accordingly, this factor weighs against a finding of good cause to amend the scheduling order.

5

The court now evaluates the four factors holistically, without mechanically counting the number of factors favoring each side.

The absence of due diligence on Poole's part and the lack of any persuasive explanation for that absence tip the scales strongly against granting Poole's motion to amend the scheduling order. The other three factors do nothing to alter that conclusion. Accordingly, considering the factors holistically, the court concludes that Poole has failed to satisfy the Rule 16(b)(4) good cause standard. His motion to amend the scheduling order is therefore denied.

III

The court now turns to Poole's motion to compel an inspection of the APO.

A

Poole requests permission to physically inspect the APO, including the surveillance equipment housed therein, and to direct and aim the surveillance cameras to discern what can be seen based on their positioning and movement.

Walmart points out that an inspection of the area in front of the registers, the entry and exit area of the store, the mat in use in front of the ice machine, and the ice machine itself has already taken place (on April 22, 2022) pursuant to the parties' Rule 29(b) agreement. It

maintains that another inspection would be unhelpful and yield irrelevant evidence because the cameras have since been repositioned and the equipment has largely been changed since Poole's fall.  Walmart also posits that granting Poole access to the APO will expose confidential and proprietary information, including protected healthcare information, such as prescription details of Walmart pharmacy customers, and disrupt the workday at the store.

B

Rule 34 permits a party to serve on another party a request

> to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

"Such a request must set forth the property to be inspected and 'specify a reasonable time, place, and manner of making the inspection and performing the related acts.'"  *Schwab v. Wyndham Int'l, Inc.*, 225 F.R.D. 538, 538-39 (N.D. Tex. 2005) (Kaplan, J.) (quoting Rule 34(b)).  Rule 34 incorporates the general discovery standard established in Rule 26, which dictates that a party cannot obtain discovery where the information sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," or where "the burden or expense of the proposed [inspection] outweighs its likely benefit." *Aderholt v. Bureau of Land Mgmt.*, 2016 WL 11782267, at *2 (N.D. Tex. Oct. 30, 2016) (O'Connor, J.) (quoting Rule 26(b)(2)(C), (b)(1)).  Rule 37(a)(3)(B)(iv) permits a party to seek an order compelling the inspection when

- 9 -

the opposing party fails to respond to a request to inspect the relevant property.

The party seeking the inspection must show that it is relevant to the case and will, or is reasonably likely to, lead to the discovery of admissible evidence. *Abraham v. Alpha Chi Omega*, 271 F.R.D. 556, 559 (N.D. Tex. 2010) (Furgeson, J.). The party resisting inspection then bears the burden of establishing, with specificity, how the discovery request is not relevant, overly broad, burdensome, or oppressive. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

C

Because Poole filed this motion before the discovery deadline, the court need not decide as a threshold matter whether Poole has satisfied the Rule 16(b)(4) good cause standard. Instead, the court proceeds directly to a balancing test under which it weighs "the benefits of the sought-after inspection with the burdens it would place on [Walmart.]" *Aderholt*, 2016 WL 11782267, at *2. In conducting this analysis, the court has broad discretion, as it does over other discovery matters. *Id.* (citing *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)); *see Scott v. Monsanto Co.*, 868 F.2d 786, 793 (5th Cir. 1989) ("The district court has broad discretion in discovery matters and its rulings will be reversed only on an abuse of that discretion." (citing *Eastway Gen. Hosp. v. Eastway Women's Clinic, Inc.*, 737 F.2d 503, 505 (5th Cir. 1984))).

Evaluating the operation of the surveillance cameras, how they are used on a regular basis by employees assigned to work in the APO, and the visibility of the area in which Poole's fall occurred are facts relevant to the instant dispute. This information will be

helpful in establishing (or negating) Walmart's purported knowledge of the hazardous condition, as Poole argues in his motion. Walmart's position regarding the changes that have been made to the surveillance system in recent months does not render wholly irrelevant the information that Poole seeks. Although these changes may go to the weight of the evidence, should it be admitted at trial, they do not compel the conclusion that the inspection falls outside of the broad definition of relevance set out in Rule 26. Walmart's concern that the inspection will disrupt the workday is ameliorated by the requirements of Rule 34(b) that the time and date for the inspection and the manner in which the inspection is to be conducted be reasonable. And Walmart's arguments regarding the disclosure of confidential or proprietary information are undermined by the court's October 26, 2022 protective order,[6] which continues in effect, and the fact that the scope of the inspection is limited to information within the scope of Rule 26(b).

Accordingly, the extent to which the inspection will be helpful to Poole outweighs any burdens that the inspection will place on Walmart.

---

[6]For example, in *Hearn v. Kroger Texas, L.P.*, 2021 U.S. Dist. LEXIS 217413, at \*12 (N.D. Tex. Nov. 10, 2021) (Fitzwater, J.), the court ordered that a premises inspection conducted by the plaintiff, his counsel, supporting personnel, and experts of all rooms that contained electronic surveillance or video camera recording equipment/devices be conducted under the terms of a protective order that prohibited use of information derived from the inspection for any purpose other than litigating the lawsuit and prohibited disclosure in any pleading or public court proceeding in the lawsuit, except under seal. The court is more inclined to permit an inspection under the terms of an appropriate protective order than to deny a requested inspection that complies with the applicable rules.

D

Poole's motion to compel Walmart to permit him to inspect the APO is granted in accordance with ¶¶ 2 through 5 of the motion.  Walmart is ordered to promptly permit Poole and/or his representative to inspect the APO at a time convenient for both parties and in a manner that complies with Rules 26(b) and 34(b).

\*   \*   \*

For the reasons explained, the court denies Poole's motion to amend the scheduling order to extend the discovery deadline and revive the deadline for designating expert witnesses, and it grants Poole's motion to compel inspection of the APO located inside of the Walmart store.

**SO ORDERED**.

June 27, 2023.

SIDNEY A. FITZWATER
SENIOR JUDGE