IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES POOLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-0726-D |
| | § | |
| WALMART, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this removed premises liability action, plaintiff Charles Poole ("Poole") sues defendant Wal-Mart Stores Texas, LLC ("Walmart"),¹ seeking compensation for injuries he sustained after slipping and falling in a Walmart store. Walmart moves for summary judgment. For the following reasons, and subject to Poole's complying with § VI(B) of this memorandum opinion and order, the court denies the motion.

I

Poole was injured after entering a Walmart store when he slipped and fell in a puddle of water that had leaked from the ice freezer located near the store entrance.² As he fell, he

---

¹Walmart asserts in the notice of removal that it has been incorrectly named as "Wal-Mart Stores Texas, Inc." The state-court original petition names "Walmart, Inc." and "Wal-Mart Stores Texas, LLC" as the defendants. The court will refer to the defendants collectively as "Walmart."

²In recounting the factual background, the court summarizes the evidence in the light most favorable to Poole as the summary judgment nonmovant and draws all reasonable inferences in his favor. *See, e.g.*, *Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.).

attempted to catch himself with his right arm. The force of the fall tore the rotator cuff in his right shoulder and injured his back and neck. Poole required extensive medical treatment, including a number of surgeries to repair his injured shoulder.

The only surveillance camera footage available shows the area surrounding the freezer from a distance. Although it is difficult to see any water on the polished concrete floor near the freezer, the video does show Poole entering the store, turning right to walk in front of the freezer, and falling just seconds after entering the store. A statement from Megan Franklin ("Franklin"), the Walmart employee who first responded to Poole's fall, suggests that the freezer was malfunctioning and was known to have been leaking on the day of Poole's fall.[3] Franklin also stated that, when she reached Poole, there was water on the floor and on Poole's clothes and the mat that had been placed in front of the freezer was soaked through. Franklin later placed an orange cone in the area in front of the freezer to alert customers to the water on the floor. The cone can also be seen at the end of the surveillance video.

Poole now sues Walmart under a theory of premises liability. Walmart moves for summary judgment. Poole opposes the motion.[4] The court is deciding the motion on the

---

[3]The appendix attached to Poole's summary judgment response includes only a transcript and a video recording of the statement from Franklin, which was taken by a private investigator. Walmart objects to this statement as inadmissible. "[E]vidence offered for summary judgment purposes need not yet be in a form admissible at trial," so long as it is capable of being presented in an admissible form. *In re Deepwater Horizon*, 48 F.4th 378, 385 (5th Cir. 2022). The court will address below whether Franklin's statement can be relied upon to deny Walmart's summary judgment motion. *See infra* at § VI(B).

[4]Poole has filed a July 24, 2023 unopposed motion for leave to file a surreply. The court would normally grant such an unopposed motion and provide Walmart, as the moving

briefs, without oral argument.

II

When a party moves for summary judgment on a claim on which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the nonmovant's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has done so, the nonmovant must go beyond his pleadings and draw the court's attention to specific facts showing there is a genuine issue for trial. *Id.* An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to prove any essential element of his claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory if the nonmovant fails to meet his burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam).

---

party, an opportunity to file a final reply. *See, e.g.*, *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239-40 (N.D. Tex. 1991) (Fitzwater, J.). This is especially true where, as here, the summary judgment movant filed a reply appendix without first obtaining leave of court, which the local civil rules do not allow. *See Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 103 (N.D. Tex. 2001) (Fitzwater, J.). But because the court is denying Walmart's summary judgment motion without considering the surreply, it denies Poole's motion without prejudice as moot. *See Rhodes Colls., Inc. v. Johnson*, 2012 WL 627273, at *9 n.12 (N.D. Tex. Feb. 27, 2012) (Fitzwater, C.J.).

III

Texas law governs in this diversity action. *See, e.g.*, *Harvey v. Racetrac Petroleum, Inc.*, 2009 WL 577605, at *1 (N.D. Tex. Mar. 6, 2009) (Fitzwater, C.J.).

> To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 251-52 (Tex. 2014) (per curiam).

There are "three methods by which a plaintiff may satisfy the knowledge element in a slip-and-fall case." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). The plaintiff may show that (1) the defendant placed the substance that caused the fall on the floor; (2) the defendant actually knew that the substance was on the floor ("actual knowledge"); or (3) the condition existed long enough, and was conspicuous enough, to give the premises owner a reasonable opportunity to discover the condition ("constructive knowledge"). *Id.*

IV

A

Walmart contends that Poole cannot prove that he was injured by an unreasonably dangerous condition. According to Walmart, Poole "cannot establish . . . that the ice machine itself was unreasonably dangerous," D. Mot. for Summ. J. Br. (ECF No. 20) at 5,

and he cannot prove that there was ice or liquid on the floor at the time of the fall.

Walmart also maintains that Poole cannot prove that Walmart had any knowledge—actual or constructive—of the presence of water on the floor. It contends that there is neither evidence that any Walmart employee knew of the puddle of water on the floor nor evidence that the water was present for long enough to put Walmart on notice of the risk it presented.

Finally, based on these purported failures by Poole, Walmart maintains that Poole necessarily cannot prove that Walmart failed to take reasonable care to reduce the risk and that this failure proximately caused Poole's injuries.

B

Poole responds that the dangerous condition that he is complaining about is the puddle of water on the polished concrete floor, not the malfunctioning ice machine itself. He posits that water on a slick floor, such as on the floor of a Walmart store, has been held to be a dangerous condition in prior cases. And he maintains that he has offered adequate proof to create a genuine fact issue as to whether water was present on the floor of the Walmart store on the occasion in question.

Poole maintains that Franklin's statement establishes that at least two Walmart employees—Franklin and her manager—knew that the freezer was leaking. Poole contends that several employees were working in close proximity to the freezer and could have seen any water accumulating on the floor directly surrounding it. Poole therefore argues that Walmart had a duty to reduce or eliminate the risk posed by the water. Finally, Poole

contends that his medical expert witnesses can establish proximate cause, as can the fact that slipping and falling is a foreseeable risk associated with a freezer leaking water onto a polished concrete floor.[5]

V

A

The court first considers whether Poole has adduced sufficient evidence to create a genuine fact issue with respect to the dangerousness of the condition.

It is clear that Poole is complaining of the presence of water on the floor, not the existence or malfunctioning of the freezer itself.

"Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition." *Wal-Mart Stores, Inc. v. Sparkman*, 2014 WL 6997166, at *3 (Tex. App. Dec. 11, 2014, pet. denied) (mem. op.) (collecting cases). The summary judgment record would permit a reasonable jury to find that there was a significant amount of water on the floor in front of the freezer. For instance, Poole testified in his deposition that he was wet and even felt water running down his leg following the fall. Franklin stated that there was water on the floor, and that the mat set in front of the freezer was "soaked." P. App. (ECF No. 72) at 177. And the surveillance video shows that an orange cone was placed in

---

[5]Poole devotes a significant portion of his summary judgment response to the contention that Walmart engaged in evidence spoliation. He maintains that Walmart did not preserve surveillance footage from additional security cameras despite a duty to do so and that Walmart disposed of the malfunctioning freezer before he could inspect it. Because the court can deny summary judgment without addressing the issue of spoliation, it expresses no view on this question.

the area after Poole was helped up and left the store. Considered together, this evidence would enable a reasonable jury to find in Poole's favor on the question whether a dangerous condition existed. Accordingly, Poole has presented sufficient evidence to create a genuine fact issue as to this element of his premises liability claim.

B

The court next turns to Walmart's contention that Poole cannot establish that Walmart had either actual or constructive knowledge of the dangerous condition.

"Constructive knowledge is a substitute in the law for actual knowledge. … [It] can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-103 (Tex. 2000). Viewed favorably to Poole, several facts in the summary judgment record create a genuine fact issue concerning whether Walmart had at least constructive knowledge of the presence of water on the floor. Franklin's statement shows that several Walmart employees were aware that the freezer was leaking. She states that she had been warned of the leak by her manager, presumably because management was aware of the potential hazard that the leak posed. The surveillance footage shows a number of Walmart employees working in close proximity to the freezer in the hour leading up to Poole's fall, which would enable a reasonable jury to find that the potential hazard presented by a water leak could have been detected. And Franklin and Poole stated that the mat on the floor was completely saturated with water, which would enable a reasonable jury to find that water had been on the floor for quite some time. Taken together, the summary judgment

evidence would enable a reasonable jury to find in Poole's favor and conclude that Walmart had constructive notice of the dangerous condition. Poole has therefore satisfied his burden of adducing sufficient evidence to create a genuine fact issue with respect to this element of his claim.

C

Walmart maintains that Poole has failed to create a genuine fact issue concerning the third and fourth elements of his claim, primarily because he failed to do so with respect to the first and second elements. Because the court concludes that Poole has satisfied his burden as to the issue of the existence of a dangerous condition and the fact of Walmart's knowledge of that dangerous condition, Walmart's arguments fail.

Walmart also notes that a mat was placed on the floor in front of the freezer and that this fact conclusively proves that Walmart exercised reasonable care in reducing the risk of harm caused by the water on the floor. But Poole has presented evidence that a cone or sign was also placed in the area in front of the freezer in the minutes following his fall. And evidence in the summary judgment record suggests that the mat had been saturated such that it was no longer effectively preventing the risk of water accumulating on the floor. Accordingly, Poole has adduced sufficient evidence to create a genuine fact issue with respect to the third prong—whether Walmart exercised reasonable care in mitigating the risk posed by the water puddle.

D

Subject to the requirement addressed next, *see infra* at § VI(B), Poole has satisfied his burden of demonstrating that there are genuine issues of material fact that preclude summary judgment.

VI

The court now turns to Walmart's objections to portions of Poole's summary judgment evidence. Walmart contends that exhibits V, W, and X of Poole's appendix are incompetent summary judgment evidence because they have not been adequately verified. Walmart also maintains that exhibits F, U, and X are supplementary evidence filed without leave of court.

A

The court is not relying on plaintiff's exhibits F, U, and X in deciding Walmart's summary judgment motion. Accordingly, Walmart's objections to these exhibits are overruled as moot. *See e.g.*, *Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. and Cmmty. Affs.*, 860 F.Supp.2d 312, 317 n.9 (N.D. Tex. 2012) (Fitzwater, C.J.); *RLI Ins. Co. v. Phila. Indem. Ins. Co.*, 421 F.Supp.2d 956, 959 n.3 (N.D. Tex. 2006) (Fitzwater, J.).

B

As to exhibits V and W—the video and transcript of Franklin's statement—the court sustains Walmart's objections to their admissibility on the basis that they are not verified.[6]

---

[6]Walmart also objects to portions of Franklin's statement on the basis that they are based on inadmissible hearsay. The court overrules these objections. The testimony to

- 9 -

Fed. R. Civ. P. 56(c)(4) prescribes what is required for an affidavit or declaration to constitute competent summary judgment evidence. The affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Franklin's statement neither satisfies these requirements nor is it supported by a declaration that satisfies the alternate requirements of 28 U.S.C. § 1746.

Even so, "[e]vidence from a party opposing summary judgment may be considered despite its failure to meet the 'technical requirements' of Rule 56(e) 'so long as the record, taken as a whole, demonstrates that the testimony meets the requirements of rule 56.'" *Brady v. Blue Cross & Blue Shield of Tex., Inc.*, 767 F. Supp. 131, 135 (N.D. Tex. 1991) (Fitzwater, J.) (quoting *Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1987)). And Rule 56(e) expressly provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; [or] … (4) issue any other appropriate order."

Consistent with the foregoing, and under the authority granted by Rule 56(e)(1) and (4), the court will permit Poole to rectify the defects in establishing the admissibility of the

---

which Walmart objects on this basis is not inadmissible hearsay because it is not offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Franklin states that management had advised employees that the freezer was leaking. Poole offers these assertions, not to prove that the freezer in fact was leaking, but to prove that Walmart had constructive knowledge of the presence of water on the floor.

video and transcript of Franklin's statement by filing an affidavit or declaration that complies with the requirements of Rule 56(c)(4). This document must be filed within 14 days of the date this memorandum opinion and order is filed.

\* \* \*

For the reasons explained, the court denies Walmart's motion for summary judgment and orders Poole to comply with § VI(B) of this memorandum opinion and order within 14 days of the date it is filed.

**SO ORDERED**.

July 31, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE