IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES POOLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 3:22-CV-0726-D |
| | § | |
| WALMART, INC., et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

The August 25, 2023 expedited motion of defendant Wal-Mart Stores Texas, LLC ("Walmart") for leave to take the deposition of Megan Franklin ("Franklin")—which plaintiff Charles Poole ("Poole") opposes[1]— is denied.[2]

As the court stated in its June 27, 2023 memorandum opinion and order, in which it denied a motion of Poole to amend the scheduling order, Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." *See Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997). "The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling

---

[1]Because the court is denying Walmart's motion, it is not awaiting a response from Poole. According to the certificate of conference, however, the motion is opposed.

[2]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

order[,]" who must show that, despite its diligence, it could not reasonably have met the relevant scheduling deadlines. *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.). Walmart has failed to demonstrate that it was diligent in failing to locate and depose its own former employee during the discovery period. Walmart asserts in its motion that Franklin "was not disclosed with enough time to take her deposition prior to the close of discovery." D. Mot. (ECF No. 92) at 2-3; *see also* D. Br. (ECF No. 93) at 1 (same). It asserts in its brief that "Walmart was unable to take Megan Franklin's deposition because her current location was not disclosed with enough time to take her deposition prior to the close of discovery." D. Br. (ECF No. 93) at 3. But Franklin is *Walmart's* former employee, and Walmart had its own obligation to attempt to locate and depose her before the close of discovery.

Moreover, Poole's Rule 26(a)(3) disclosures indicate that he will call Franklin as a trial witness, so Walmart will be able to cross-examine Franklin at trial. And Walmart can attempt between now and trial to interview her about her personal knowledge of the incident and anticipated testimony.

This case is set for trial on September 12, 2023, with the pretrial conference scheduled for September 7, 2023. Scheduling orders are put in place, in large part, to promote the orderly process of pretrial preparation. Absent good cause, this orderly process should not be disturbed by eleventh hour depositions.

The motion is denied.

**SO ORDERED**.

August 28, 2023.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE